Argued and submitted March 18, affirmed June 10, reconsideration denied
September 30, petition for review denied October 27, 1992 (314 Or 573)

In the Matter of the Marriage of

Arlo B. ELLIOTT,
*Appellant,*
*and*

Gwendoline E. ELLIOTT,
*Respondent.*

(D7811-18437; CA A69297)

833 P2d 327

Jeffrey S. Matthews, Portland, argued the cause for appellant. With him on the brief were Jacqueline L. Koch and Gevurtz, Menashe, Hergert, Larson & Kurshner, P.C., Portland.

Robert A. Bennett, Portland, argued the cause for respondent. With him on the brief were Kathryn T. Whalen and Bennett & Hartman, Portland.

Before Warren, Presiding Judge, and Joseph, Chief Judge, and Edmonds, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

The parties' marriage was dissolved in 1980. In making the property division at that time, the trial court did not take into consideration the value of husband's contract to sell his business. The court awarded wife some personal property, 3 items of real property and a judgment; the result of that was an award of approximately $418,000 to wife and $332,000 to husband, excluding the contract. The court recognized that ignoring the value of the contract made the property division disproportionate in favor of husband but said that the failure to award wife any part of the value of the business was based on husband's having "been the key to the success of the corporation" and the court's being "particularly mindful that the corporation is the generator of the parties' assets and of the future funds from which the support of respondent will be paid." The court awarded wife $1,850 per month permanent spousal support.

Eight years later, on the basis of husband's claim of a substantial change of circumstances by reason of a default in the contract for the sale of the business and its ultimate sale to another buyer, which purportedly substantially reduced husband's ability to pay the spousal support, the court reduced wife's support to $925 a month. On *de novo* review, *Elliott and Elliott*, 95 Or App 390, 768 P2d 446 (1989), we agreed that there had been a change in circumstances sufficient to justify a reduction in the amount of support, but we fixed support at $1,500 per month.

In 1990, more than 10 years after the dissolution, husband moved, pursuant to ORS 107.407, to terminate his spousal support obligation on the ground that wife had failed to make a reasonable effort to become self-supporting. In the course of depositions, husband apparently discovered for the first time that wife was "engaged in a domestic association that is the equivalent of marriage" and amended the basis for the proceeding to include a request that support be reduced, pursuant to ORS 107.135, if termination were refused. In response, wife moved to increase spousal support to the original $1,850 per month level on the basis that husband's current income was larger than it was at the time of the 1989 reduction and, therefore, his ability to pay the original

amount had been restored. The trial court denied termination, reduction and restoration. The only issue on appeal is termination.

ORS 107.412(2) provides:

"Except as provided in subsections (3) and (4) of this section, if the court finds that the party receiving support has not made a reasonable effort during the previous 10 years to become financially self-supporting and independent of the support provided under the decree, the court shall order that support terminated. In making its finding under this subsection, the court shall consider the following matters:

"(a)   The age of the party receiving support;

"(b)   The health, work experience and earning capacity of the party;

"(c)   The ages, health and dependency conditions of the minor children of the party; and

"(d)   Efforts made by the party during the previous 10 years to improve opportunities for gainful or improved employment including, but not limited to, attendance at any school, community college or university or attendance at courses of vocational or technical training."

Husband focuses almost his entire argument on subparagraph (d) because, except for an abortive attempt at getting some training about computers, wife has in fact made no efforts to become employed or employable. Husband's expert, without having any contact with her and completely ignoring wife's health, abstractly testified that wife could perform certain entry level work; she did not make any effort to analyze wife's ability to *secure* or *maintain* employment. On the other hand, there was unrebutted testimony that wife's physical and mental health are not good. Husband correctly points out that those medical problems do not "disable" wife, but he would have us ignore wife's psychologist's unrebutted testimony that her physical and mental problems taken together defeat the likelihood of her becoming employable and that her mental depression alone would probably prevent her from maintaining employment, even if she could find it.

We conclude that the trial court properly refused to terminate spousal support.

Affirmed. No costs to either party.